(31 Misc. Rep. 287.)

### SICKELS v. KLING.

(Supreme Court, Trial Term, Kings County. April, 1900.)

LIBEL AND SLANDER—JUDICIAL PROCEEDINGS—ATTORNEY'S STATEMENTS IN BRIEF.

On an appeal from an order appointing a receiver, the issue raised was whether plaintiff, an unmarried woman, was the owner of property standing in A.'s name, which plaintiff claimed had been purchased for her by A., and title taken in his name, without her consent, or whether plaintiff had been put in possession as A.'s agent, merely. It appeared that plaintiff had not demanded a deed of the property for three years after its purchase; that defendant was separated from his wife, who had not joined in a deed by which defendant had attempted to convey the property to another; and that plaintiff had subsequently married S. *Held*, that a statement by A.'s attorney, in his brief, that plaintiff became A.'s agent while they were related together, after which she formed a new relationship with S., was not libelous, since it did not impute unchastity with S., and the relationship which had existed with A. was relevant to the issue of the ownership of the property.

Action for libel by Emily Sickels against Abram Kling. Plaintiff's complaint was dismissed at the close of the evidence. Motion for a new trial. Denied.

The complaint was dismissed at the close of the evidence for the plaintiff. The defendant is an attorney and counsellor at law. The alleged libel is a sentence of a printed brief submitted by him to the appellate division of the supreme court in the First judicial department as counsel for the defendants in an action by this plaintiff, then Miss Emily Bryant, against Louis J. Allen and Arthur A. Seaver, on an appeal from an order therein appointing a receiver of certain real property in the city of New York of which the plaintiff was in possession, and which was the subject-matter of the said action. The alleged libellous words are as follows: "She became Allen's agent while they were related together in the city of New York, since which time she has formed a new relationship with one Sickels." The complaint alleges that they were published of and concerning the plaintiff by the defendant, and that he intended to and did convey thereby that the plaintiff had been guilty of unchastity with the said Allen and also with the said Sickels. The plaintiff put in evidence the said brief and the papers on the said appeal, proved her marriage to the said Sickels, and rested. From such appeal papers it appears that the action was brought to establish that the plaintiff was the owner of the said real estate, and to have a conveyance thereof by the said defendant Allen to the said defendant Seaver in 1899 annulled. She alleged in her complaint and affidavit that the defendant Allen bought the property for her in 1895 with money she had given him for the purpose, but took and kept the title in his own name without her knowledge or consent. He made affidavit denying this, and saying that in 1898 he put her in possession of the property as his agent to collect the rents as he was about to be absent from New York City. He has been absent ever since in San Francisco. She was married to Sickels after Allen went away. She stated in her affidavit that Allen's wife resides in New York City but did not join in his conveyance to Seaver. The conveyance was made after Allen went to San Francisco. In the said appeal papers there is an affidavit by this defendant Kling in which he said that the plaintiff is now named Sickels, and lives with her husband on the said property.

F. E. M. Bullowa, for plaintiff.
Abram Kling, in pro. per.

GAYNOR, J.   In England the decisions, including the case against the great advocate Scarlett, afterwards Lord Abinger (Hodgson v. Scarlett, 1 Barn. & Ald. 232), for a long time left it uncertain whether the privilege of counsel in respect of their statements in the conduct and trial of causes was absolute or qualified. The question was put at rest in 1883 by the court of appeal in Munster v. Lamb, 11 Q. B. Div. 588, where it was decided to be absolute. But in this state the privilege is only a qualified one, i. e. it extends only to statements which are material and pertinent to the case. Marsh v. Ellsworth, 50 N. Y. 309; Youmans v. Smith, 153 N. Y. 214, 47 N. E. 265. If counsel keep within the facts of the case they are protected by the privilege of the occasion no matter what they say, or however forced their inferences, deductions, suggestions, surmises, criticisms or characterizations from the facts may be. I speak thus broadly subject to correction, there being no case which goes so far in point in this state; but it seems to me that it must be so. Where else can the line be drawn? A counsel's position is one of great difficulty, and he has special need to have his mind clear of all anxiety. A wide latitude is justly and necessarily given to him in order to insure a full hearing and the doing of justice. It would be impossible

for him to do his duty if he could be questioned for the strength of his
expressions or the exaggeration of his arguments, deductions or in-
ferences.   That they are extreme, or only specious or colorable, is
not the test, but whether they are pertinent.   He loses the protection
of his privilege only by going actually outside the case, and making
statements which can by no argument or inference be pertinent.

The words here cannot be construed as imputing unchastity to the
plaintiff with Sickels.   Her relationship to him which they refer to
must be the relationship disclosed by this defendant's affidavit in
the appeal papers, viz., that of marriage.   Does the reference to her
and Allen being "related together" before he appointed her agent of
the property, mean a relation similar to that stated to have been
afterwards contracted with Sickels, i. e. a sexual one, or does it
mean only the actual relation in respect of money, property and
fiduciary trust disclosed by the said appeal papers?   The general rule
as to ambiguous words is that the jury are to determine their mean-
ing.   But it does not seem to me that it applies to words of counsel
spoken on an occasion of privilege.   If they are capable of a meaning
which makes them pertinent to the case, then they are pertinent and
privileged, and that meaning must be taken.   Counsel cannot be re-
quired in the performance of their duty to choose their words so nicely
that they cannot bear more than one construction.   To put them
under such embarrassment would curtail that freedom of speech
which is necessary to the administration of justice.   And if the said
words can mean only an illicit relation, I think counsel had the right
within the facts of the case to state that as his inference to the court.
Such an inference was at least colorable.   The question under con-
sideration was whether it was more probable that the plaintiff was
the real owner of the property, though the title was not in her name,
than that she had been merely put in possession of it by Allen as his
agent.   To surmise and argue on this question of probability that the
facts, including the neglect of the plaintiff from 1895 to 1898 to ask
for and obtain her deed if she was the purchaser, and the separation
of Allen's wife from him, and her failure to join with him in his con-
veyance to Seaver, rather indicated an illicit relation between him
and the plaintiff, by means of which she got into possession, would
not be going outside of the case.   An argument of counsel is only the
expression of his view and opinion to the court, and the statement in
the brief of counsel which is here complained of was the expression
of his view and opinion on the facts.

The motion for a new trial is denied.